[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-14096
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 5, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 00-00079-CR-DMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLYDE MCGHEE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 5, 2009)

Before CARNES, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Clyde McGhee, proceeding pro se, appeals the district court's denial of his

motion for reduction of sentence, filed pursuant to 18 U.S.C. § 3582(c)(2). McGhee's motion was based on Amendment 706 to the United States Sentencing Guidelines, which reduced base offense levels applicable to crack cocaine. On appeal, McGhee argues that based on the Supreme Court's decisions in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and Kimbrough v. United States, __ U.S. ___, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), the district court erred in determining that it did not have the discretion or authorization to reduce his sentence pursuant to § 3582. McGhee contends that anyone who was sentenced under U.S.S.G. § 2D1.1 for a crime involving crack cocaine is eligible for a two-level reduction, regardless of whether they were sentenced as a career offender, because the crack-cocaine guideline calculations were the starting point for every sentence.

"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. James, 548 F.3d 983, 984 (11th Cir. 2008). A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Any reduction, however, must be "consistent with applicable policy statements issued by the Sentencing

Commission." Id.

Here, the district court did not err in denying McGhee's § 3582(c)(2) motion because McGhee qualified as a career offender under U.S.S.G. § 4B1.1 and therefore his guideline range was not lowered by Amendment 706. See United States v. Moore, 541 F.3d 1323, 1327-28 (11th Cir. 2008) ("[A] reduction under § 3582(c)(2) is not authorized where 'the amendment . . . is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline . . . .'" (quoting U.S.S.G. § 1B1.10, comment. (n.1(A))) (emphasis in original)) (cert. denied, McFadden v. United States, 129 S.Ct. 965 (2009), and cert. denied, (U.S. Mar. 9, 2009) (No. 08-8554). Although McGhee was a career offender, his applicable guideline range at sentencing was determined by his base offense level in § 2D1.1, because his otherwise applicable offense level of 38 was greater than the offense level prescribed by § 4B1.1, the career-offender guideline. When the Amendment is applied to that guidelines level, it is lowered to 36. At that point, however, the guidelines instruct that the career offender guidelines' level of 37 should be applied because it is a higher level. U.S.S.G. 4B1.1(b) ("if the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level from the table in this

3

subsection shall apply.").  With McGhee's criminal history level of VI, the guidelines range remains unchanged at 360 months to life.

Furthermore, McGhee's argument that the Supreme Court's decisions in Booker and Kimbrough gave the district court the authority to reduce his sentence is foreclosed by precedent.  See United States v. Melvin, 556 F.3d 1190, 1192-93 (11th Cir. 2009) (holding that neither Booker nor Kimbrough "prohibit the limitations on a judge's discretion in reducing a sentence imposed by § 3582(c)(2) and the applicable policy statement by the Sentencing Commission"), cert. denied, (U.S. May 18, 2009) (No. 08-8664).  Accordingly, we affirm.

**AFFIRMED.**